O’Neall, J.
delivered the opinion of the Court.
In this case, I perceive no difficulty in holding that the death of the wife does not abate the suit. There is no doubt about the general rule, that an action does not lie before the cause of action accrued, and if that appears by the record, it is cause of demurrer, and if it be dehors, it is good ground for a plea in abatement. — Com. Dig. Action E 1. But this case cannot come under that rule. Here the plaintiff Syme and His wife had a cause of action, when the action was commenced : they had the right to the possession of the freehold, and damages for the trespass thereon committed. The only question is, does that cause of action survive to the husband, in part or in the whole? I suppose, in England, the case would abate, though I have not been able to find any precisely parallel case.
In Massachusetts, the case of Cutts and others v. Hasthins, 11 Mass. 56, was decided under a rule which we have abolished in this State. In it, it was held that the death of one of several demandants, in a writ of right, abated the case. The case of Boyleston v. Cordes, 4 McC. 144, ruled very properly, under the Act of 1746, to which I shall have occasion hereafter more particularly to refer, that the death of one of several co-plaintiffs, in an action of trespass to try titles, did not abate the action.- This was, too, very much in conformity to the cases of McFadden and wife v. Haley, 2 Bay, 457, and Middleton v. Perry, Ib. 459, and the well settled practice under the same, that one of several distributees, or tenants in common, might maintain trespass to try title for the whole land in which he or she had an interest, and recover to the extent of that interest, and have a writ of possession for the whole close; and that the non-joinder of the other distributees, or tenants in common, was neither ground of nonsuit nor plea in abatement. These cases, and the practice under them, certainly abolished the foundation of the rule under which it is contended that the death of the wife abates this action. For as the husband, at her death, still has an interest (one-third) in fee, and a right to the posses *334 sion of the freehold, it cannot be said that it has destroyed all his interest in the action. It has changed and reduced it. If, at law, he can now bring an action alone, and recover, I don't perceive how it can be said that the suit now pending abates for the want of a cause of action. Before the change brought about, by McFadden and Haley, and Middleton and Perry, he could not have sued without joining the children of his wife — and then, for that cause, the case would have abated. If he still has an interest, which now entitles him to recover a part in fee of the freehold, and under that to have possession, it seems to me it falls plainly within the principle of Boyleston v. Cordes, and an equitable construction of the Act of 1746. That Act (7 Stat. 193, sec. 7,) provides that if there-be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of such action shall survive to the surviving plaintiff or plaintiffs, or against such surviving defendant or defendants, the writ or action shall not be thereby abated, but such death being suggested upon the record, the action shall proceed, at the suit of the surviving plaintiff or plaintiffs, against the surviving defendant or defendants. Now, under this statute it is plain, if the whole cause of action would survive to husband or wife, the death of either would not abate the case. Substantially, the whole cause of action does survive to each co-tenant, plaintiff, in an action of trespass to try title, for each is entitled to the possession of the whole of the land, in which there is a common interest, although the interest in fee be an undivided share. In Boyleston v. Cordes we have seen that the death of one would not abate the action. In this case, is not the same rule applicable? Husband and wife are entitled, by action of trespass to try titles, to recover the possession of the freehold of the wife, and damages. The wife dies — there is no doubt the husband is entitled to damages to the death of the wife, and to his distributive share of the land, one-third. Under the statute, may we not very well say, the cause of action survives to him, inasmuch as he is entitled to the damages for which the writ was brought, and under his undivided share of one-third of the land, to recover possession of the whole, which the writ also demanded? I think so. This construction is not against the words — -it is within the intent, meaning and object of the Act, which was to save parties, who still had an interest in the action, from the trouble and expense of suing de novo, when the whole matter in controversy could as well and as fairly be tried, in the case then before the Court, as if a new action had been brought. The construction of the statute ought to be liberal, as it is a reme *335 dial one. Giving it the construction I have spoken of, is so construing it. It places this case under the general rule of McFadden and Haley, Middleton and Perry, and Boyleston v. Cordes. It makes our practice uniform, and this ought always to be done when practicable.
The motion is dismissed.
Richardson, J. Evans, J. and Frost, J. concurred.